[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, James F. McCann, was ineffective in assisting him in that he (1) failed to adequately investigate the case or call certain material witnesses such as Dennis Sweet, Penny Molinari, Augey Miller, Richard Pelrue, Robert Turcott and Johnnie Ivester; (2) failed to call an expert witness; (3) failed to impeach the victim with her prior inconsistent statement; (4) failed to impeach witnesses, Brandle and Kudla, with their prior inconsistent statements; (5) failed to object to the prosecutor's misconduct during the trial CT Page 16570 and in closing argument; and (6) failed to request a charge and take exception to a charge given.
The petitioner's arrest resulted from a complaint of a twenty-six year old woman who lived alone with her fourteen month old daughter in an apartment in Meriden which the petitioner entered on the evening of September 26, 1994 uninvited. He began kissing her on her cheeks and rubbing her shoulders. Despite her protests he pushed her onto a couch and squeezed her breasts so hard as to hurt her, causing milk to express. When the victim's daughter began to cry he ceased his attack and left. Subsequently the petitioner was convicted after a trial to the jury of burglary in the first degree in violation of Conn. Gen. Stat. §53a-101(a)(2) and sexual assault in the third degree in violation of Conn. Gen. Stat. § 53a-72a(a)(1)(A).
The petitioner called his criminal trial attorney and himself on March 19, 1999 and subsequently on September 27, 1999 called Austin Partridge and Penny Molinari.
McCann testified that the theory of defense was that the conduct was consensual but was not given any witnesses who had substantive evidence. He did interview the petitioner's mother but she had no eyewitness evidence to give and did not want to testify. He does not remember receiving the names of prospective witnesses such as Dennis Sweet, Penny Molinari, Augey Miller, Richard Perdue, Robert Turcott nor Kevin or Johnnie Ivester. One character witness was brought into court but McCann didn't call him. He knew him as a child molester and felt no need of an expert.
The petitioner testified that McCann did not bring in any witnesses nor did he interview any. He didn't explore the victim's inconsistent statements and claimed she had given four (4) different statements.
The petitioner has introduced the transcript of the trial,Petitioner's Exhibit 1, a copy of the Appellate Court decision,Petitioner's Exhibit 2 and four (4) statements of the victim made to the police and Pam Kudla. Petitioner's Exhibit 3. There appears to be no inconsistencies in such statements as claimed by the petitioner.
Austin Partridge testified that he had seen the woman talking to the petitioner in the court yard between the two buildings. CT Page 16571 She had said "hi" to both of them. It was before the petitioner was arrested. Partridge admitted having a problem with alcohol and drugs. He was arrested for sexual assault in the third degree in 1989. After being shown his arrest record he acknowledged that it was January 8, 1993 when sentenced for nine months. He told McCann that he didn't want to testify.
Penny Molinari testified that she had known the petitioner for years and knew that he talked to a lot of women. She said she did not know why he was arrested or convicted but he pointed out the woman in the park. She doesn't remember when it was. Molinari lived on the ground floor and the alleged victim lived on the second floor. The petitioner said that he had invited her to dinner and had had seen him with the woman.
A successful petitioner must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,446 U.S. 668, 694. The petitioner has failed to prove how the result would be different. Partridge gave testimony which was not credible. He was unable to remember the date of his own criminal problem. Molinari's testimony was but statements of the petitioner about having a woman pointed out to her and telling her that he had taken her out to dinner as well and an equivocal "I saw him with her once" without definition of time, place or distance. He has failed to call an expert witness and has failed to show inconsistencies of Brandle, Kudla and the victim. The petitioner has not shown misconduct by the prosecutor and a search of Petitioner's Exhibit 1 does not disclose one. The petitioner himself waived his request for lesser included charges, See Petitioner's Exhibit 1. He therefore has failed to carry his burden to prove how his counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 359.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee CT Page 16572